# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILLIAMS, JR., | ) |
| Petitioner, | ) 2:11-cv-00972-JCM-RJJ |
| vs. | ) |
| | ) **ORDER** |
| BRIAN E. WILLIAMS, *et al.,* | ) |
| Respondents. | ) |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 6.) Based on the information concerning petitioner's financial status, the court finds that the motion to proceed *in forma pauperis* should be granted. Petitioner shall not be required to pay the filing fee for his habeas corpus petition.

Petitioner moves for the appointment of counsel. (ECF No. 2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex, and they are presented in a relatively clear and organized fashion. Therefore, petitioner's motion for counsel shall be denied.

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 14, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For convictions that were final before the passage of the AEDPA, the one-year limitation period began to run on April 24, 1996, and expired one year later. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(2), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

>   As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a

prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*)(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

In this case, petitioner indicates that the Nevada Supreme Court affirmed his conviction on March 31, 1987. However, petitioner did not dispatch his instant petition to this court until June 3, 2011. Accordingly, the court orders petitioner to show cause, in writing, why the petition should not be dismissed with prejudice as untimely.

**IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED**.

**IT THEREFORE IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **SHOW CAUSE** in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with

1 prejudice as time-barred without further advance notice. If petitioner responds but fails to show with
2 competent evidence that the petition is timely, the action will be dismissed with prejudice.

3     **IT FURTHER IS ORDERED** that all assertions of fact made by petitioner must be
4 detailed, must be specific as to time and place, and must be supported by competent evidence. The court
5 will not consider any assertions of fact that are not specific as to time and place, that are not made
6 pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not
7 supported by competent evidence filed by petitioner in the record in this court.

9     Dated this __25th__ day of October, 2011.

11     _____
    UNITED STATES DISTRICT JUDGE