UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| OSCAR WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-00972-JCM-NJK |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| BRIAN E. WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. The court issued an order directing petitioner to show cause and file such proof as he may have to demonstrate why the petition should not be dismissed with prejudice as untimely (ECF #11). Before the court is petitioner's response to that order (ECF #12).

**I. Procedural History**

According to the petition, petitioner was found guilty of first degree murder with use of a deadly weapon and sentenced to two terms of life in prison without the possibility of parole (ECF #1). The judgment of conviction was entered on August 9, 1985. His state postconviction petition was denied in district court, and the Nevada Supreme Court affirmed the denial on June 29, 1989 (*id*.).

On June 3, 2011, petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF #2). As noted, the court issued an order directing petitioner to show cause

and file such proof as he may have to demonstrate why the petition should not be dismissed with prejudice as untimely (ECF #11).

**II. Federal Habeas Petition is Untimely**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state postconviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period.

2

*Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).  The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, as discussed, petitioner's judgment of conviction was entered on August 9, 1985 (ECF #1).  The Nevada Supreme Court affirmed the denial of his state postconviction petition on June 29, 1989.  Petitioner does not apprise the court of any other state postconviction filings.  However, the court may take judicial notice of its docket, and petitioner filed a federal petition for a writ of habeas corpus on July 5, 1990.  *See Williams v Godinez*, 3:90-cv-324-HDM-VPC.  The previous federal petition was denied on its merits on February 18, 1993 (*see* hard copy of docket sheet at ECF #72).  The court cannot discern any further action taken by petitioner between that date and the filing of the instant federal petition, and petitioner sets forth none.

Petitioner argues in his response that the AEDPA and its statute of limitations do not apply to his case.  He appears to point to the first federal petition, which was filed before AEDPA, to support this assertion.  However, any petition filed after AEDPA was enacted on April 24, 1996 is subject to its provisions.  28 U.S.C. § 2254.  Petitioner filed this petition on April 14, 2011; thus, that argument fails.

It appears that petitioner had no properly filed application for state postconviction or other collateral review pending during the period of time between at least February 18, 1993 when his previous federal petition was denied and the time, more than eighteen years later, he filed the instant federal

3

petition, this time is not statutorily tolled on that basis.[1] *See* 28 U.S.C. § 2244(d)(2). Accordingly, petitioner's federal habeas petition, filed on April 14, 2011, is untimely pursuant to 28 U.S.C. § 2244(d).

**III. Petitioner is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Petitioner does not argue that he has pursued his rights diligently, nor that any extraordinary circumstance stood in his way. Instead he contends that a fundamental miscarriage of justice has occurred; he argues that his Fifth Amendment right to be free from double jeopardy was violated when he was acquitted, then subsequently charged with the same crime again, tried, and convicted (ECF #12). However, petitioner attaches a pre-conviction petition for a writ of habeas corpus that was granted, dismissing the charges against him (ECF #12 at 23). Again based on petitioner's exhibits, he was subsequently arrested again two years later, charged, tried and convicted of murder (*see id*. at 32; ECF #1 at 3). His exhibits demonstrate that he was not subject to double jeopardy.

---

[1] Obviously, even if the statute of limitations runs from the day AEDPA was enacted, this petition, filed more than fifteen years after that date, is extremely untimely.

Petitioner has presented no other support for his contention that a fundamental miscarriage of justice has occurred. A petitioner must demonstrate that a constitutional violation has probably resulted in the conviction of one who is actually innocent in order to avoid a procedural bar to the consideration of his constitutional claims. *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995). However, while petitioner mentions the term "actually innocent" at one point in his response to this court's order, he makes no argument that he is actually innocent of the crime of which he was convicted.

Petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

  **IT IS THEREFORE ORDERED** that this federal petition for a writ of habeas corpus is **DISMISSED** as untimely.

  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

  **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

  Dated this 20th day of February, 2013.

              _James C. Mahan_
              UNITED STATES DISTRICT JUDGE